UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PRAVEL KURBATOV,                       )
                                       )
                    Petitioner,        )
                                       )
              v.                       )         No. 1:26-cv-00399-SEB-TAB
                                       )
KRISTI NOEM,                           )
PAMELA BONDI,                          )
TODD LYONS,                            )
RICHARD KELLY,                         )
                                       )
                    Respondents.       )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Pavel Kurbatov is detained at the Clinton County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He petitions for a writ of habeas corpus on grounds that his detention is unlawful. Because Petitioner is subject to a final order of removal, and because Respondents have demonstrated that his removal is reasonably foreseeable, the petition is denied.

### I.    Factual Background

Pravel Kurbatov is a citizen of Kazakhstan who entered the United States in 1997. Dkt. 7-1 at 1. He was admitted to the United States as a refugee and thereafter received Lawful Permanent Resident status. Dkt. 1 at 46; dkt. 7-1 at 2. After being convicted of several state crimes, however, he was issued a Notice to Appear on September 11, 2023, which initiated removal proceedings against him under Section 237 (a)(2)(A)(ii) of the Immigration and Nationality Act ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."). Dkt. 1-1 at 9. On

October 30, 2023, Mr. Kurbatov was issued a final order of removal from the United States to Russia where he has citizenship. Dkt. 1-1 at 4. Mr. Kurbatov did not appeal that decision and does not dispute that he is subject to a final order of removal. *See* dkt. 1.

Mr. Kurbatov has been detained for over two years while awaiting travel documents. Dkt. 1-1 at 3-4. ICE Enforcement and Removal Operations ("ERO") has requested travel documents and is coordinating with its headquarters and the Russian embassy to obtain them. Dkt. 7-2 at 3. Mr. Kurbatov is required to have an interview in either Texas or New Jersey, and ERO's headquarters has yet to schedule that interview. *Id*. at 3-4. Travel documents are expected to be issued to Mr. Kurbatov on the same day as the interview. *Id*. at 4. Headquarters has informed ERO that it has a charter flight scheduled for Mr. Kurbatov's removal sometime at the end of March. *Id*.

## II.    Legal Background

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks release from ICE custody on grounds that his detention violates the Fifth Amendment's due-process protections and 28 U.S.C. § 1231, which directs the Attorney General to detain an alien ordered removed from the country for an initial removal period and grants the Attorney General discretion to detain the alien under certain circumstances thereafter.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). An alien "may be detained beyond the removal period" only in three limited circumstances. 8 U.S.C. § 1231(a)(6). Mr. Kurbatov does not dispute that he is subject to a final removal order. He maintains that the 90-day

removal period has expired and that he is subject to discretionary detention (and therefore eligibility for release) under § 1231(a)(6).

Although § 1231(a)(6) grants the Attorney General discretion to extend post-removal period detention, that discretion is limited by the Fifth Amendment's due process clause. *Zadvydas v. Davis*, 533 U.S. 678, 690–96 (2001). In *Zadvydas*, the Supreme Court found that Congress granted the Attorney General authority to detain aliens under § 1231 for the express purpose of facilitating their removal. *Id.* at 697. Accordingly, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

A court faced with a habeas petition like the one before us here "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* If not, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. The government may remove aliens subject to final removal orders, and it may detain them to facilitate removal, but it may not detain them indefinitely with no end in sight.

"The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision." *See Khan v. Gonzales*, 481 F. Supp. 2d 638, 643 (W.D. Tex. 2006) (granting habeas petitioner's *Zadvydas* claim and ordering he be released subject to an order of supervision); *Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786, at *1 (W.D. La. Dec. 16, 2020) (same).

### III.    Analysis

Mr. Kurbatov, who proceeds here *pro se*, argues principally that his detention violates the Constitution and laws of the United States because his removal is not reasonably foreseeable, as § 1231(a)(6), the Fifth Amendment, and *Zadvydas* require. Dkt. 1 at 11-15. Respondents assert that his removal is reasonably foreseeable because headquarters is arranging an interview, for travel

documents and a charter flight has been scheduled to deport Mr. Kurbatov by the end of March. Dkt. 7. Respondents also argue that they have conducted reviews of Mr. Kurbatov's detention as required by the regulations. *Id*.

Although it has not yet taken place, the government has provided evidence that it is coordinating with the Russian embassy to conduct an interview after which Mr. Kurbatov will receive travel documents facilitating his removal by charter flight at the end of March. Dkt. 7-2. Moreover, the government has repeatedly reviewed Mr. Kurbatov's detention and presented him with written findings. Those findings were admittedly cursory with respect to the expectation that the Russian government would issue travel documents in the reasonably foreseeable future, but, as discussed, Respondents have now indicated that concrete steps have been taken to acquire travel documents as well as an anticipated timeline. Mr. Kurbatov has not replied to Respondents' arguments or provided any evidence in his petition that would contradict Respondents' assertions.

Under *Zadvydas*, detention for a period of time up to six months is presumptively reasonable. 533 U.S. at 701. After that point, continued detention is permitted unless there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 702. Mr. Kurbatov has been subject to ICE detention for over two years, which gives the Court considerable pause. Nevertheless, Respondents have shown that, at the moment, his deportation is reasonably foreseeable due to the pending interview that would lead to the issuance of travel documents and Mr. Kurbatov's removal to Russia by charter flight. Accordlingly, his petition must be **denied**.

### IV.    Conclusion

Mr. Kurbatov's Petition for Writ of Habeas Corpus, dkt. [1], is **denied.** This matter is **dismissed with prejudice** as to the present allegations but without prejudice to any related claim if material circumstances in Mr. Kurbatov's current detention change.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date:        3/31/2026

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

PAVEL KURBATOV
17812
Clinton County Jail
301 East Walnut Street
Frankfort, IN 46041

All electronically registered counsel of record

5