UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAVEL KURBATOV,                          )
                                         )
                    Petitioner,          )
                                         )
          v.                             )        No. 1:26-cv-00399-SEB-TAB
                                         )
KRISTI NOEM,                             )
PAMELA BONDI,                            )
TODD LYONS,                              )
RICHARD KELLY,                           )
                                         )
                    Respondents.         )

**ORDER GRANTING MOTION TO RECONSIDER, VACATING FINAL JUDGMENT,
AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Mr. Pavel Kurbatov seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement ("ICE") detention. Because the undisputed facts demonstrate that Mr. Kurbatov's removal is not reasonably foreseeable, the Court **grants** his petition by ordering that he be immediately released from detention. Respondents shall have **through 5:00 p.m. on May 11, 2026**, to certify that they have released Mr. Kurbatov.

**I. Motion for Relief from Judgment**

On February 25, 2026, Mr. Kurbatov, who is subject to a final order of removal, filed a pro se petition for writ of habeas corpus asserting that his continued detention by ICE violates his Fifth Amendment due process rights because his removal is not reasonably foreseeable. Dkt. 1 at 7–8 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). On March 31, the Court denied Mr. Kurbatov's petition because Respondents demonstrated to the Court that concrete steps had been taken to acquire travel documents for Mr. Kurbatov and that the government had an anticipated timeline for his removal to Russia, rendering his removal reasonably foreseeable. Dkt. 10 at 4.

On April 28, Mr. Kurbatov filed a motion for relief from the Court's final judgment pursuant to Federal Rule of Civil Procedure 60. Dkt. 13. In his motion, Mr. Kurbatov asserted that the government failed to serve him with its response to the Court's initial Order to Show Cause, and that neither his interview with Russian consular officials nor the government's charter flight to Russia had been scheduled. *Id*.

On May 4, Respondents indicated that they inadvertently mailed their response to Putnamville Correctional Facility rather than the Clinton County Jail and that previous arrangements to remove Mr. Kurbatov had been cancelled due to the Court's order enjoining the government from moving Mr. Kurbatov from the states of Indiana, Illinois, or Wisconsin or otherwise removing him from U.S. jurisdiction. Dkt. 16. They also state that Mr. Kurbatov was scheduled for an interview with Russian consular officials on May 4 at which time they anticipated issuance of travel documents, which would enable imminent removal. *See* dkt. 16-1. On May 7, the parties notified the Court that Russia declined to issue travel documents to Mr. Kurbatov and that he was removed from the anticipated removal flight. *See* dkts. 17 and 18.

For good cause shown, the Court **vacates** the final judgment, dkt. [11], entered March 31, 2026. Mr. Kurbatov's motion to set aside judgment, dkt. [13], is **granted**.

## II. Facts

The parties do not dispute any material facts.

Mr. Kurbatov is a citizen of Russia born in Kazakhstan who entered the United States in 1997. Dkt. 7-1 at 1. He was admitted to the country as a refugee and thereafter received Lawful Permanent Resident status. Dkt. 1 at 46; dkt. 7-1 at 2. After being convicted of several state crimes, however, he was issued a Notice to Appear on September 11, 2023, which initiated removal proceedings against him under Section 237 (a)(2)(A)(ii) of the Immigration and Nationality Act

2

("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."). Dkt. 1-1 at 9. On October 30, 2023, Mr. Kurbatov was issued a final order of removal from the United States to Russia. Dkt. 1-1 at 4. Mr. Kurbatov did not appeal the decision and does not dispute that he is subject to a final order of removal. *See* dkt. 1.  Mr. Kurbatov has been detained over two years while waiting for travel documents.

### III. Legal Background

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks release from ICE custody on grounds that his detention violates the Fifth Amendment's due-process protections and 28 U.S.C. § 1231, which directs the Attorney General to detain an alien ordered removed from the country for an initial removal period and grants the Attorney General discretion to detain the alien under certain circumstances thereafter.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). An alien "may be detained beyond the removal period" only in three limited circumstances. 8 U.S.C. § 1231(a)(6). Mr. Kurbatov does not dispute that he is subject to a final removal order. He maintains that the 90-day removal period has expired and that he is subject to discretionary detention (and therefore eligible for release) under § 1231(a)(6).

Although § 1231(a)(6) grants the Attorney General discretion to extend post-removal period detention, that discretion is limited by the Fifth Amendment's due process clause. *Zadvydas*, 533 U.S. at 690–96. In *Zadvydas*, the Supreme Court found that Congress granted the Attorney

General authority to detain aliens under § 1231 for the express purpose of facilitating their removal. *Id.* at 697. Accordingly, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

A court faced with a habeas petition like this one "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* If not, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. The government may remove aliens subject to final removal orders, and it may detain them to facilitate removal, but it may not detain them indefinitely with no end in sight.

"The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision." *See Khan v. Gonzales*, 481 F. Supp. 2d 638, 643 (W.D. Tex. 2006) (granting habeas petitioner's *Zadvydas* claim and ordering he be released subject to an order of supervision); *Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786, at *1 (W.D. La. Dec. 16, 2020) (same).

### IV. Analysis

Mr. Kurbatov argues principally that his detention violates the Constitution and laws of the United States because his removal is not reasonably foreseeable, as § 1231(a)(6), the Fifth Amendment, and *Zadvydas* would require. Dkt. 1 at 11–15; dkt. 17 at 3. Respondents initially asserted that his removal was reasonably foreseeable because headquarters was arranging an interview for travel documents and a charter flight had been scheduled to remove Mr. Kurbatov by the end of March. Dkt. 7. Respondents now acknowledge, however, that Russia declined to issue the necessary travel documents and that they are "awaiting further information from the DHS Headquarters regarding his removal status." Dkt. 18.

Under *Zadvydas*, detention up to six months is presumptively reasonable. 533 U.S. at 701. After that point, continued detention is permitted unless there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 702. Mr. Kurbatov has been subject to ICE detention for over two years, and Respondents tacitly admit that they have no information regarding the foreseeability of obtaining travel documents. In fact, the record shows that Russia has declined to provide these documents on at least two occasions, and there is no indication that they will be forthcoming. Respondents provide no evidence from which the Court could conclude that Mr. Kurbatov's removal to Russia is foreseeable or even possible. As a result, his petition must be **granted**.

## I.    Conclusion

The motion to set aside judgment is **granted**. Dkt. [13]. The March 31, 2026, Order, dkt. [10], and Final Judgment, dkt. [11] are **vacated**.

Mr. Kurbatov's Petition for Writ of Habeas Corpus, dkt. [1], is **granted**. Respondents are **ordered to immediately release** Mr. Kurbatov from detention under reasonable conditions of release. Respondents shall have **through 5:00 p.m. on May 11, 2026**, in which to certify that Mr. Kurbatov has been released from detention.

The **clerk is directed** to correct Mr. Kurbatov's first name to "Pavel" on the docket.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 5/8/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

All electronically registered counsel of record